United States District Court
Southern District of Texas

**ENTERED**

March 27, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| RAQUEL VEGA CERVANTES MARTINEZ, *et al*, | § § § | CIVIL ACTION NUMBER 4:25-cv-01270 |
| Plaintiffs, | § § § | |
| versus | § § § | JUDGE CHARLES ESKRIDGE |
| SN SERVICING CORPORATION, *et al*, | § § § | |
| Defendants. | § | |

**ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION**

Plaintiffs Raquel Vega Cervantes Martinez, Adam Martinez, and Hugo Vega Cervantes filed this lawsuit, seeking to prevent the foreclosure of property in Houston, Texas. Dkt 1-3 (second amended petition). Defendants SN Servicing Corporation and Family Benefit Life Insurance Company later removed the case to this Court. Dkt 1 (notice of removal).

This action was referred to Magistrate Judge Yvonne Ho pursuant to 28 USC §§636(b)(1)(A) and (B). Dkt 14. Family Benefit Life eventually filed what it deemed a "motion to withdraw the reference." Dkt 70. The motion is quite verbose. But in short, it (i) maintains that the action was improperly referred in the first instance because it did not consent to referral, (ii) accuses the Magistrate Judge (who is disrespectfully referred to as "Magistrate" throughout the motion) of exceeding her authority under such reference, and (iii) asserts that there is good cause to withdraw the reference under 28 USC §636(c)(4). Dkt 70.

Pending is a Memorandum and Recommendation by the Magistrate Judge, recommending that the motion be denied because jurisdiction is proper without the parties' consent under 28 USC §636(b)(1). Dkt 71. It further explains that to the extent Family Benefit Life raised other objections to prior rulings, it failed to object to those prior orders and thus waived any arguments in that regard.

Family Benefit Life filed objections, essentially arguing points put at issue in its motion. Dkt 72.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Upon *de novo* review and determination, Family Benefit's objections entirely lack merit. As to the jurisdictional arguments, party consent is unnecessary for purposes of referral under 28 USC §§636(b)(1)(A) and (B). As to argument that the Magistrate Judge exceeded her delegated authority by denying its motion to dismiss under Rule 12(b)(6), she did no such thing. The Magistrate Judge merely, and quite reasonably, denied the motion "without prejudice to being resubmitted as a motion addressing the amended complaint," after also *granting* Plaintiffs' motion for leave to file an amended complaint. Dkt 53. The motion to dismiss directed to the live complaint was mooted by the filing of the amended complaint. *Boelens v Redman Homes, Inc*, 758 F2d 504, 508 (5th Cir 1985). As to assertion that there is "good cause" to withdraw the reference, nothing presented approaches "good cause"—let alone "extraordinary circumstances" as required by the appropriate standard. See 28 USC §636(c)(4).

It is noted that the objections state, "The Motion to Withdraw the Reference clearly states that the Magistrate in this case has no authority to act in this case." Dkt 72 at 2. For the avoidance of doubt, and so that Family Benefit Life might choose, going forward, to comport itself with the necessary dignity and respect owed in all federal court litigation, the Magistrate Judge here has all authority that has been lawfully delegated upon referral. The Magistrate Judge also has the full confidence of the undersigned that she approaches all legal matters before her in a temperate, moderate, and reasonable way.

No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The objections by Defendant Family Benefit Life Insurance Company to the Memorandum and Recommendation of the Magistrate Judge are OVERRULED. Dkt 72.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 71.

The motion by Family Benefit Life to withdraw the reference is DENIED. Dkt 70.

SO ORDERED.

Signed on March 27, 2026, at Houston, Texas.


_____

Honorable Charles Eskridge
United States District Judge

3